UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MANNING,

       Plaintiff,                                               Hon. Paul L. Maloney

v.                                                              Case No. 1:18-cv-1246

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.   Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was forty years of age on his alleged disability onset date. (ECF No. 8-10, PageID.522). He successfully completed high school and worked previously as a welder, welder/assembler, signaler, and guard/fire watch. (ECF No. 8-4, PageID.191). Plaintiff applied for benefits on May 28, 2013, alleging that he had been disabled since April 1, 2013, due to back impairments, shoulder impairments, depression, and hearing difficulties. (ECF No. 8-10, 8-12, PageID.522-30, 594).

Plaintiff's applications were denied administratively, following a hearing before an Administrative Law Judge (ALJ). (ECF No. 8-2, 8-3, PageID.30-35, 46-61, 94-145). On August 9, 2017, the Honorable Ellen S. Carmody vacated the ALJ's decision and remanded this matter to the Commissioner for further administrative action. (ECF No. 8-7, PageID.311-27).

Following a second administrative hearing, ALJ Sarah Zimmerman, in an opinion dated August 1, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 8-4, 8-5, PageID.167-92, 203-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 8-4, PageID.147-53). Plaintiff timely initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden of proving that he is entitled to disability benefits, and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease of the cervical spine status post fusion; (2) degenerative disc disease of the thoracic and lumbar spine; (3) left knee status post arthroscopy and status post left total knee replacement; (4) right shoulder status post arthroscopy; (5) affective disorder;

(6) anxiety; (7) personality disorder; and (8) obesity, severe impairments that, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 8-4, PageID.170-74).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can lift/carry 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday, he can stand/walk and sit for 8 hours each; (3) he should be able to change position for 1-2 minutes after every 30 minutes of continuous sitting, standing, or walking, while remaining on task; (4) he can frequently, but not constantly, reach overhead bilaterally; (5) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (6) he can occasionally balance, stoop, kneel, and crouch, but can never crawl; (7) he can never be exposed to dangerous machinery, hazardous heights, extreme cold, or excessive vibration; and (8) he can carry out simple instructions. (*Id*, PageID.174-75).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs that Plaintiff can perform, his limitations notwithstanding. *O'Neal*,

2020 WL 97414 at *2. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there were approximately 265,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 8-5, PageID.240-42). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits. The vocational expert also testified that, if Plaintiff were further limited to sedentary work and required a cane to ambulate, there still existed approximately 160,000 jobs in the national economy that he could perform. (*Id*, PageID.245-46).

## I.    Plaintiff's Subjective Allegations

Plaintiff argues that he is entitled to relief because the ALJ "found the Plaintiff to be less than completely credible without any basis." (ECF No. 17, PageID.1490). Plaintiff asserts that "the ALJ has raised the art of cherry-picking and parsing to an art form; in doing so, she has also made an unsupportable credibility determination." (*Id.*). Plaintiff's claim fails for two reasons. First, Plaintiff has waived this argument by failing to articulate any basis for relief. Second, even if the Court overlooks Plaintiff's failure to develop his argument, the

ALJ's justification for discounting Plaintiff's subjective allegations is supported by substantial evidence.

A.  Waiver

While Plaintiff argues that the ALJ's assessment of his subjective allegations is "unsupportable" and "without any basis," Plaintiff has failed to develop this argument and articulate how or why he is entitled to relief.  Rather, Plaintiff merely asserts in conclusory fashion that he is entitled to relief.  While the Court can perhaps surmise the basis for Plaintiff's claim, such does not relieve Plaintiff of the affirmative obligation to more clearly articulate the basis for his claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record).  The Court concludes, therefore, that Plaintiff has waived this claim.  *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

B.     The ALJ's Assessment is Supported by Substantial Evidence

Even if the Court overlooks Plaintiff's failure to develop an argument in support of this claim, the result is the same. The ALJ discussed in great detail her reasons for finding Plaintiff to be less than credible, and the ALJ's rationale is supported by substantial evidence.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[1]

---

[1] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. But the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).  Where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, however, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference."  *Ibid.*  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

The ALJ cited to Plaintiff's personal activities as grounds for discounting his allegations of disabling pain and limitation.  (ECF No. 8-4, PageID.175-76).  For example, Plaintiff cared for his daughter while his wife worked.  (ECF No. 8-16, PageID.886).  Plaintiff went camping, fishing and mushroom hunting.  (ECF No. 8-17, 8-25, PageID.963, 1362-63).  Plaintiff engaged in various activities with his daughter.  (*Id.*,PageID.1361, 1380, 1386).  Plaintiff also stenciled the alphabet on

---

clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p."  *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

his daughter's wall. (*Id.*, PageID.1362). Plaintiff traveled to Tennessee to attend a neighbor's wedding. (*Id.*, PageID.1364). Plaintiff reported that his depression improved when his friends visited for deer season. (*Id.*, PageID.1372). Plaintiff also reported that he was able to drive a vehicle without difficulty. (ECF No. 8-5, PageID.229). As the ALJ concluded, Plaintiff's reported activities are "not generally consistent with [his] allegation that he has been unable to sustain activities due to chronic pain and sleep deprivation." (ECF No. 8-4, PageID.176). The ALJ also noted instances in which Plaintiff "declined treatment or failed to take prescribed medication." (ECF No. 8-4, 8-16, PageID.176, 914-15, 919, 925). Finally, the ALJ accurately observed that the results of objective testing and evaluation did not support Plaintiff's subjective allegations. (ECF No. 8-4, PageID.175-84).

Contrary to Plaintiff's assertion, the ALJ did articulate a basis for her decision to discount his subjective statements. Moreover, the ALJ's decision is consistent with the proper legal standard and supported by substantial evidence. Accordingly, this argument is rejected.

**II.    Medical Opinion Evidence**

Two of Plaintiff's healthcare providers offered opinions suggesting that Plaintiff's ability to perform work activities was more limited than the ALJ recognized. The ALJ did not afford controlling weight to these opinions. Plaintiff

argues that he is entitled to relief because the ALJ failed to articulate good reasons for discounting the opinions of his treating care providers.[2]

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id*. at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid*.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ

---

[2] While Plaintiff has identified the two care providers whose opinions form the basis of this argument, he has failed to specifically identify the opinions in question. Accordingly, the Court will analyze the opinions by the two care providers in question that were specifically referenced by the ALJ.

may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

  A. <u>Dr. Paula Dekeyser</u>

Dr. Dekeyser submitted several opinions during the course of her treatment of Plaintiff. On October 28, 2014, Dr. Dekeyser completed a form report regarding Plaintiff's functional limitations. The doctor reported that Plaintiff could "never" lift or carry any amount of weight. (ECF No. 8-16, PageID.893). The doctor reported that during an 8-hour workday, Plaintiff could stand and walk for only 30 and 90 minutes, respectively. (*Id.*, PageID.894). The doctor reported that Plaintiff could "never" use his upper extremities to perform work activities. (*Id.*, PageID.895).

On August 22, 2016, Dr. Dekeyser "returned [Plaintiff] to work with no restrictions. . . ." (ECF No. 8-19, PageID.1038). Only one month later, however, the doctor reported, "I do not feel that [Plaintiff] will be able to work in any capacity." (ECF No. 8-20, PageID.1052).

On December 4, 2017, Dr. Dekeyser completed a form report regarding Plaintiff's functional limitations. The doctor reported that Plaintiff could "never" lift or carry any amount of weight. (ECF No. 8-26, PageID.1399). The doctor declined to indicate the extent to which Plaintiff could sit, stand, and walk during an 8-hour day, opting instead to assert that Plaintiff "is not able to work 8 hours a

day." (*Id.*, PageID.1400). The doctor reported that Plaintiff could "never" use his upper extremities to perform work activities. (*Id.*, PageID.1401). Finally, in a February 9, 2018, letter, Dr. Dekeyser stated that Plaintiff "is not able to work an 8-hour work day, 40 hours a week and is unable to sustain an income." (*Id.*, PageID.1453).

As the ALJ observed, neither the medical record nor Plaintiff's reported activities support Dr. Dekeyser's conclusion that Plaintiff is unable to engage in any meaningful work-related activity. Specifically, the results of diagnostic testing fail to support the doctor's extreme opinions. (PageID.722-23, 886, 028, 930-31, 968, 970). Moreover, while Dr. Dekeyser's contemporaneous treatment notes reflect a great many subjective allegations by Plaintiff, the doctor's findings on examination do not support her opinions. (ECF No. 8-14, 16, 17, 20, 22, 23, PageID.746-57, 910-27, 1003-04, 1044-1115, 1186-98, 1205-08, 1252-83). As courts recognize, the failure by healthcare providers to contemporaneously document disabling limitations undermines later assertions that such limitations were, in fact, present. *See, e.g., Curler v. Commissioner of Social Security*, 561 Fed. Appx. 464, 473 (6th Cir., Apr. 1, 2014).

In this respect, the ALJ noted that Dr. Dekeyser placed great weight in Plaintiff's subjective complaints, often substituting such for her own professional evaluations and assessments. For example, on one occasion, Plaintiff requested that Dr. Dekeyser "fill out disability paperwork." (ECF No. 8-16, PageID.911). The doctor's treatment notes expressly state that, other than recording Plaintiff's

-13-

vital signs, "exam is otherwise deferred." (*Id.*, PageID.911). Instead, the doctor reported that the "[disability] forms are completed with [Plaintiff] giving much of the history and input." (*Id.*, PageID.911).

Also, as noted above, on August 22, 2016, Dr. Dekeyser "returned [Plaintiff] to work with no restrictions. . .", only to rescind such one month later. (ECF No. 8-19, 20, PageID.1038, 1052). As the ALJ noted, the doctor issued her August 22, 2016, opinion at Plaintiff's request, which the ALJ concluded "suggests that Dr. Dekeyser was willing to advise or order whatever the claimant asked of her." (ECF No. 8-4, 20, PageID.184, 1052).

Simply put, Dr. Dekeyser's extreme opinions are not supported by the record. There is also substantial evidence that the doctor's reporting reflects Plaintiff's subjective allegations, which the ALJ properly discounted as discussed above, rather than the results of professional examination. Plaintiff does not articulate any meaningful argument in support of his position that the ALJ's decision to discount Dr. Dekeyser's opinion is in error. Instead, Plaintiff merely details his interpretation of the medical record and asserts that he is entitled to relief. In other words, Plaintiff wants this Court to re-weigh the medical record which it cannot do. The ALJ articulated good reasons, supported by substantial evidence, for discounting Dr. Dekeyser's opinions. This argument is, therefore, rejected.

B.  Diane Lissfelt

Ms. Lissfelt is a counselor with whom Plaintiff treated.  On January 19, 2015, Lissfelt authored a letter in which she reported that Plaintiff "is visibly in pain as he walks, sits, gets up from a sitting position or picking up his daughter."  (ECF No. 8-18, PageID.1017).  Ms. Lissfelt further observed that Plaintiff "has a very strong work ethic" and "it is difficult for him psychologically, not to be able to provide for his family when in the past, he was able to do so very well."  (Id.).

On December 7, 2017, Ms. Lissfelt reported that Plaintiff experienced "extreme" limitations in the following areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentration, persistence, and pace.  (ECF No. 8-26, PageID.1408-09).  With respect to Plaintiff's ability to adapt or manage himself, Ms. Lissfelt reported that Plaintiff experienced "marked" limitations.  (Id., PageID.1409-10).

The ALJ afforded "little weight" to Ms. Lissfelt's observations.  (ECF No. 8-4, PageID.188-89).  In support of this conclusion, the ALJ noted that her extreme opinions were based, at least in part, on her conclusion that Plaintiff suffers from ADHD.  (ECF No. 8-26, PageID.1408).  As the ALJ noted, however, Plaintiff reported that his ADHD was "much better" with medication.  (ECF No. 8-23, PageID.1253).  Ms. Lissfelt's extreme opinions were also premised on her conclusion that Plaintiff suffers from a learning disability.  (ECF No. 8-26, PageID.1408).  As the ALJ observed, however, the record does not support this conclusion.  (ECF No. 8-4, 15, 16, 18, 19, 20, 23, PageID.189, 819-20, 905, 1029, 1056, 1058, 1257).

Finally, as the ALJ noted, the conclusion that Plaintiff experiences "extreme" impairment interacting with others is belied by the medical record as well as Plaintiff's many and varied activities. (ECF No. 8-4, PageID.189). In sum, the ALJ articulated good reasons, supported by substantial evidence, for discounting Ms. Lissfelt's opinions.

Plaintiff's claim also fails for a more fundamental reason. While Ms. Lissfelt expressed in vague and general terms that Plaintiff suffers from "extreme" limitations, she failed to articulate any specific functional limitation that is inconsistent with the ALJ's RFC. Any argument that the ALJ's RFC findings are inconsistent with Ms. Lissfelt's observations would be speculative. This Court can neither re-weigh the evidence nor engage in the type of speculation that Plaintiff implicitly invites. Accordingly, this argument is rejected.

### III. Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that he is entitled to relief because the ALJ "rel[ied] upon an unsupported RFC."

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

Plaintiff has failed to develop this argument. Again, Plaintiff merely recites his interpretation of the medical evidence and invites the Court to re-weigh the evidence and reach a different conclusion than the ALJ. As the Court has already noted, it must decline Plaintiff's invitation. The only semblance of argument advanced by Plaintiff is his query, "how could Plaintiff have performed work at the light level of exertion?" (ECF No. 17, PageID.1486). This "argument" fails for two reasons.

First, as the ALJ detailed, Plaintiff's RFC is supported by the medical record and Plaintiff's reported activities. Second, even if the Court accepts Plaintiff's argument that he is limited to less than light work and must use a cane to ambulate, the result is the same. As noted above, the vocational expert testified that if Plaintiff were limited to sedentary work and required a cane to ambulate there still existed approximately 160,000 jobs in the national economy which he could perform.

(PageID.245-46). Thus, any error identified by Plaintiff is harmless and relief is not appropriate. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless).

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 36(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 21, 2020        /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge