UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK MANNING,<br>       Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>       Defendant. | No. 1:18-cv-1246<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on February 21, 2020 (ECF No. 22). The R&R recommends affirming the Commissioner's decision denying benefits. Plaintiff Mark Manning timely filed an objection (ECF No. 23); the Commissioner has not responded.

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v.* Warden, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Manning's objection first focuses on the ALJ's determination that Manning was not "fully credible." However, this Court's review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial legal evidence. *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Indeed, the ALJ's credibility determination is "virtually 'unchallengeable.' " *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010)). Therefore, this Court declines Manning's invitation to take up the question of his credibility. Even if the question were ripe for the Court's review, the ALJ's credibility determination cites nearly twenty exhibits, and on review of that record evidence, the credibility determination is supported by substantial evidence. Therefore, it must not be disturbed by this Court.

Manning next argues that the ALJ afforded too little weight to the opinions of his treating physicians. Again, it is not this Court's place to reweigh the evidence; only to confirm whether the ALJ complied with the law. The ALJ can afford less weight to a treating physician's opinion if the opinion is not well-supported by medical evidence, and if the opinion is inconsistent with other evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013). On the Court's review of the record, the ALJ correctly concluded that the two treating physician's opinions were not well-supported by the medical evidence and inconsistent with much of that

evidence. Therefore, the R&R properly affirmed the ALJ's decision, and this objection will be overruled.

Finally, Manning argues that he may only perform sedentary, rather than light, work. Both the ALJ and the R&R specifically addressed this issue; the record shows that even if Manning were limited to sedentary work and required a cane to ambulate, there still existed a significant number of jobs he could perform. Manning argues that the R&R erred by failing to refer to his bilateral hand numbness. However, the ALJ discussed Manning's carpal tunnel syndrome and related issues at some length, and the Court finds that the record evidence supports the ALJ's conclusion that Manning's hand-related limitations are nonsevere impairments that were adequately addressed by the limitations of sedentary work. Therefore, there is no error in the R&R here. This objection will be overruled.

Given that there are no errors in the magistrate judge's analysis, the Court overrules the objection. Accordingly,

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 22) as the Opinion of the Court, **OVERRULES** Manning's objection (ECF No. 23), and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff. Judgment to follow.

**IT IS SO ORDERED.**

**Date:** April 6, 2020               /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge